## SUPREME COURT.

ALFRED F. CROSS and HENRY E. BEGWELIN, appellants, agt. HOLLAND B. WILLIAMS, late sheriff of Steuben county, respondent.

*Sheriff — Executions — Action against a sheriff for a false return — What may be set up as a defense.*

In an action against a sheriff for an alleged false return (of no property) the sheriff gave evidence tending to show that before the plaintiff's execution was received, his other executions had been delivered to him upon prior judgments for an amount exceeding the value of the property, the title to which was claimed by plaintiffs to be in Cross against whom the executions were issued. The three executions were all returned on the same day before either of them had run out. It was not shown that the sheriff had collected anything on either of them :

*Held,* that if the sheriff made a fair honest effort to determine whether Cross had any property on which he could levy and could not find it, he was justified in making his return.

*Held,* also, that the sheriff would have been bound to apply the avails of the property to the payment of his several executions in the order of their priority.

*Held, further,* that the law in regard to calling a sheriff's jury was not applicable to this case.

*Fourth Department, General Term, April,* 1881.

*Before* TALCOTT, *P. J.,* SMITH *and* HARDIN, *JJ.*

APPEAL from a judgment, entered on a verdict rendered at the Steuben circuit, in an action brought to recover damages against the defendant, as sheriff of Steuben county, for a false return (of no property) of an execution, directing the sheriff to levy $181.42 damages and costs, with interest from June 6, 1876, besides sheriff's fee, &c., and returned by him unsatisfied.

*D. M. Page,* for appellant, cited *Paton* agt. *Westervelt,* (2 *Duer,* 362) ; *Town* agt. *Crowder* (2 *Cas. & P.,* 356) ; *Johnson* agt. *Reilly* (59 *How. Pr.,* 354) ; *Horton* agt. *Hendershott* (1 *Hill,* 118) ; *Handly* agt. *Greene* (15 *Barb.,* 601) ; *Stebbin* agt. *Cooper* (4 *Denio,* 191).

*I. W. Near,* for respondent, cited *Watson* agt. *Brennan* (66 *N. Y.,* 621) ; *Code of Civil Procedure, sec.* 102 ; *Wehle* agt. *Connor* (69 *N. Y.,* 546) ; *Gains* agt. *Downes* (*Harper* [*So. Car.*], 49) ; *Smith* agt. *Hogan* (4 *Ala.,* 93) ; *Hopkins* agt. *Grinnell* (28 *Barb.,* 537) ; *Murphy* agt. *People* (4 *Hun,* 102) ; *McFadden* agt. *Kingsbury* (11 *Wend.,* 667) ; *Mumford* agt. *Bowne* (*Anthm., N. P.,* 40) ; *Tuker* agt. *Walsh* (17 *Mass.,* 160, 165) ; *Spiers* agt. *Willson* (4 *Cranch,* 398).

SMITH, *J.* — The action is for an alleged false return of *nulla bona* to an execution, issued to the defendant as sheriff upon a judgment in favor of the present plaintiffs against James B. Cross. There was a conflict of evidence on the trial as to whether certain personal property which the plaintiffs claimed belonged to Cross, was in fact his, or whether he had parted with the title to it. That question was submitted to the jury. The defendant gave evidence tending to show that before the plaintiffs execution was received by him, two other executions had been delivered to him upon prior judgments against Cross, for an amount exceeding the value of the above mentioned property, the title to which was claimed by the plaintiffs to be in Cross.

It appeared that those executions, as well as the plaintiffs, were returned *nulla bona* on June 10, 1876, before either of them had run out. It was not shown that the defendant had collected anything on either of them. The judge instructed the jury that if they should find that the property belonged to Cross, they were then to inquire whether the defendant made a fair, honest effort to determine whether Cross had any property on which he could levy, and that if he made such effort to discover property and could not find it, he was justified in making his return. He also charged that if Cross owned the property the plaintiffs were only entitled to recover such amount as would have remained after applying the proceeds of the property to the satisfaction of the prior executions. To the last proposition the plaintiffs excepted. The plaintiff's counsel asked the judge to charge the jury in regard to the law in respect to the sheriff calling a jury; also, that having returned the execution on the tenth of June, the sheriff could have levied on the property without being charged with the duty of applying it on the prior execution, also, that the prior executions constitute no defense until the property is absorbed by a levy and sale under them. Each request was declined, and the plaintiffs duly excepted.

We are of the opinion that there is no merit in either of the exceptions. The sheriff could have been bound to apply the avails of the property to the payment of the several executions in the order of their priority. The case would have been different, if when he returned the prior executions, he had retained that of the plaintiffs, and property of the judgment debtor had then or subsequently been in his hands. That was the case in *Paton* agt. *Westervelt* (2 *Duer*, 362), cited by the plaintiff's counsel. The law in regard to calling a sheriff's jury was not applicable to the case (*Sammis* agt. *Kasson* 43 *Barb.*, 373 ; *Dolson* agt. *Saxton*, 11 *Hun*, 565).

The appellant's counsel insists that there was no proof that the prior executions were issued on valid judgments. The objection was not made at the trial. Had it been raised

there, it might have been obviated by the production of the judgment-rolls. The defendant proved the dockets of the judgments. They were objected to solely on the ground that they were immaterial and irrelevant, and the objection was properly overruled. It was not suggested at the trial that the docket was incompetent to prove the judgments, or that the judgment-roll should be produced.

One or two other exceptions were taken in the case, but they require no comment.

The judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.